FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 FEB 26 PM 4: 51

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### STATESBORO DIVISION

| | | |
|---|---|---|
| LOIS JONES DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV605-149 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On May 10, 2006, this Court entered an order instructing the parties
to submit briefs in support of their positions in this case.  Doc. 7.  The order
specifically directed plaintiff, a pro se litigant, to submit a brief in support
of her claim for relief within thirty days.  Id. at 3.  Thirty days have long
since passed, and plaintiff has failed to submit the required brief or any
other document in response to the Court's Order.  Nor has plaintiff taken
any action in this case since the filing of her complaint on December 28,
2005.

A district court retains the inherent power to police its docket and to
enforce its orders.  Link v. Wabash Railroad Co., 370 U.S. 626, 630-31

(1962); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); Brown v. Tallahassee Police Dept., 2006 WL 3307444, *1 (11th Cir. 2006). Under the Federal Rules of Civil Procedure, a complaint may be dismissed either for failure to prosecute or for failure to comply with an order of the court. Fed. R. Civ. P. 41(b). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." L.R. 41.1 (b), (c).

"[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Over nine months have passed and plaintiff has made no attempt to comply with this Court's order. Plaintiff's willful disregard of an order of this Court and inordinate delay in prosecuting her action warrants a dismissal of this case under Rule 41(b). No lesser sanction short of dismissal appears appropriate given plaintiff's failure to show any interest in prosecuting this action. Mingo v.

Sugar Cane Growers, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens,

766 F.2d 1533, 1534 (11th Cir. 1985).  Accordingly, it is recommended that

this case be dismissed for failure to prosecute and failure to comply with

this Court's Order.

   **SO REPORTED AND RECOMMENDED this** *26ᵀᴴ* **day of**

**February, 2007.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA